CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 30 2021

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KEVIN S., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:19cv00020 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER FOR SOCIAL | ) | By: Hon. Michael F. Urbanski |
| SECURITY ADMINISTRATION, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

This social security disability appeal was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, for proposed findings of fact and a recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on December 23, 2020, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Kevin S. ("Plaintiff") has filed objections to the R&R, making this matter ripe for the court's consideration. For the reasons that follow, the court finds that the Commissioner erred in several respects, will sustain Plaintiff's objections, and will grant his motion for summary judgment.

I.      **Background**

This is Plaintiff's second time through the social security appeals process. In 2014, he appealed a denial of social security benefits to this court and, finding error in the Commissioner's decision, the court (Hon. Jackson L. Kiser, Senior United States District Judge, presiding) remanded the case for further proceedings.

The court laid out the preliminaries of Plaintiff's claim in its 2016 decision remanding the case to the Commissioner:

> On April 25, 2011, Plaintiff filed an application for a period of disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401–33. In his application, Plaintiff alleged that he had been disabled since May 24, 2004, due to a combination of a herniated disc and degenerative disc disease in his lumbar and thoracic spine, bipolar disorder, and depression. The Commissioner denied Plaintiff's claims initially on September 15, 2011, and again upon reconsideration on December 13, 2011.
>
> On April 23, 2013, Plaintiff appeared with his attorney before Administrative Law Judge Marc Mates. . . . In a written decision dated May 31, 2013, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. He found that Plaintiff suffered from "degenerative disc disease, mood disorder, and history of substance abuse," all of which qualified as serious impairments. ALJ Mates found that Plaintiff did not have an impairment or combination or impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Schandel v. Comm'r of Soc. Sec., No. 4:14cv00042, 2016 WL 3268758, at *1 (W.D. Va. June 7, 2016) (internal citations and footnotes omitted). This court ultimately determined that the Administrative Law Judge ("ALJ") relied almost exclusively "on facts not found in the Record" in reaching his decision. Id. at *3. Specifically, the court found that the ALJ took innocuous evidence—such as evidence that Plaintiff volunteered at a food bank—and drew from that evidence conclusions that were unsupportable on the Record. For example, the ALJ cited Plaintiff's volunteer work as evidence that is "at odds with a contention of total disability," although the Record was "devoid" of evidence regarding what Plaintiff actually did while volunteering.

The court also took issue with the ALJ's treatment of medical evidence, finding that certain evidence was "ignored" while the ALJ "cherry-picked" from the medical evidence for facts to support his conclusion. Id. at *3–4. Moreover, the court stated: "On remand, the ALJ is obliged to give due consideration to the entire medical history and any extrinsic activities supported by competent evidence." Id. at *4. As a footnote to this sentence, the court noted that the ALJ failed to mention two state agency physician reports that concluded that Plaintiff's "statements about the intensity, persistence, and functionally limiting effects of the symptoms" were "substantiated by the objective medical evidence alone[.]" Administrative Transcript pgs. 73 & 85, Schandel v. Comm'r of Soc. Sec., No. 4:14cv00042, ECF No. 15-1 (W.D. Va. Apr. 29, 2015). The case was remanded to the Commissioner on June 7, 2016.

Pursuant to the remand order, the Plaintiff had another hearing on November 9, 2017, before ALJ Susan Smith. (R. 1466–1517.) Plaintiff, a medical expert (Dr. John Kwak), and a vocational expert (James Primm) all testified. In a written decision dated July 5, 2018, the ALJ determined that Plaintiff had the following medically determinable impairments: "degenerative disc disease, degenerative joint disease, mood disorder, and alcohol abuse." (R. 1440.) The ALJ concluded those were "severe impairments" within the meaning of the Act. See 20 C.F.R. 404.1520(c). The ALJ also concluded, however, that Plaintiff did not have an impairment or combination of impairments that met the severity of one of the listed impairments in the applicable regulations. (See R. 1440–41 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with some limitations. (R. 1441–42.) Specifically, the ALJ determined Plaintiff

could only occasionally climb stairs and ramps, stoop, kneel, balance, crouch and could never crawl or climb ladders, ropes, or scaffolds. In addition, [Plaintiff] needed to avoid concentrated exposure to vibrations and hazards, including dangerous moving machinery, uneven terrain, and unprotected heights. Further, he was limited to simple, routine, repetitive tasks involving only occasional contact with the public, coworkers, and supervisors, no work in teams or in tandem, and with little change in work structure or routine.

(Id.)  The ALJ determined that Plaintiff was not capable of performing past relevant work but would be able to perform jobs that exist in significant numbers in the national economy, such as non-postal mail clerk, garment sorter, and inspector hand packer, as well as some jobs at the sedentary level, such as document preparation clerk, paramutual ticket checker, and addressor clerk.  (R. 1451–53 (citing 20 C.F.R. §§ 404.1569, 404.1569(a)).)  Accordingly, she concluded Plaintiff was not disabled within the meaning of the Act.  (R. 1453.)  The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on February 28, 2019.  (R. 1088–91.)

On April 9, 2019, Plaintiff again filed suit in this Court to challenge the final decision of the Commissioner.  (Compl. [ECF No. 2].)  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Hon. Jackson L. Kiser[1] referred the case to the United States Magistrate Judge for consideration. Plaintiff and the Commissioner filed cross-motions for summary judgment.  (Pl.'s Mot. Summ. J., Dec. 9, 2019 [ECF No. 22]; Def.'s Mot. Summ. J., Feb. 3, 2020 [ECF No. 25].)  On December 23, 2020, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that this court affirm the final decision of the Commissioner.  (R&R, Dec. 23,

---

[1] The case was originally pending before Judge Kiser and was transferred to the undersigned following his death.

2020 [ECF No. 31].)  On January 4, 2021, Plaintiff filed objections to the R&R.  (Pl.'s Obj., Jan. 4, 2021 [ECF No. 33] [hereinafter "Pl.'s Obj."].)  The Commissioner did not respond, so the matter is now ripe for review

## II.     Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[2] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the

---

[2] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") (emphasis in original). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections.

Objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## III. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## IV.    Plaintiff's Objections[3]

Plaintiff raises four objections to the R&R: (1) the ALJ "failed to consider the entire medical record in her evaluation of [Plaintiff's] case despite regulatory requirements and the expressed expectation of the district court judge who identified a specific omission as particularly significant" (Pl.'s Obj. pg. 2); (2) the ALJ "ignored" the "treating-physician rule" "mandating the methodology for evaluation of medical opinions" (Id. pg. 7); (3) the R&R "ignores" the objections raised above and constructed "a new opinion by avoiding inconsistent issues" (Id. pg. 14); and (4) "[t]he ALJ's use of Plaintiff's attendance at church to impeach his credibility on the question of disability is facially repugnant, illogical and violative of his constitutional rights under the Free Exercise Clause of the First Amendment," supporting an "inference of bias on the part of the ALJ which requires reversal" (id. pg. 19). After a review of the Record, the court agrees with Plaintiff's first and second objections.[4]

---

[3] Detailed facts about Plaintiff's impairments and medical and procedural history can be found in the report and recommendation, ECF No. 31, and in the administrative transcript, ECF No. 17, and will not be repeated here, unless salient to the objection under consideration.

[4] Plaintiff's fourth objection—the ALJ cited Plaintiff's church attendance served as "'evidence' of [Plaintiff's] lack of honesty" (Pl.'s Obj. pg. 20)—is not a fair characterization of the ALJ's position. In her written opinion,

A.    The State Agency Reviewing Physicians' Opinions

For his first objection, Plaintiff takes issue with the ALJ's failure to acknowledge or discuss the opinions of two state agency examiners, both of whom opined that Plaintiff's "statements about the intensity, persistence, and functionally limiting effects of the symptoms [were] substantiated by the objective medical evidence alone." (R. 73, 85.)[5] The ALJ did reference the opinions of three other state agency physicians, all of whom opined that Plaintiff's "statements about the intensity, persistence, and functionally limiting effects of the symptoms" were not "substantiated by the objective medical evidence alone." (See R. 98, 112, 127.)

The regulations make clear that the Commissioner "will evaluate every medical opinion [he] receive[s]." 20 C.F.R. § 404.1527(c). There is no evidence that the ALJ considered these two opinions, even though she gave the other state agency physicians' opinions "significant weight." (R. 1447.) This error is compounded by the fact that, when this case was last under review, this court took issue with the ALJ's failure to consider these same opinions. When this

_____

the ALJ stated: "The claimant's reported activities, including searching dump sites for re-saleable items, occasionally climbing into dumpsters, interacting with others at a flea market, volunteering at a food bank, attending church services and working around the house are also suggestive of abilities greater than he alleged." (R. 1450.) There are certainly problems with this statement, not the least of which is the ALJ's commission of the same error that warranted reversal in the prior case, see Schandel, 2016 WL 3268758, at *3–4, and which is the same type of reversible error highlighted in Brown v. Commissioner of Social Security, 873 F.3d 251, 263 (4th Cir. 2017) (finding error when the ALJ identified activities of daily living Plaintiff performed but failed to acknowledge "the extent of those activities" or any explanation "as to how those particular activities—or any of the activities depicted by [the plaintiff]—showed that he could persist through an eight-hour workday"). But it is unfair to imply the ALJ found Plaintiff not credible because he is a churchgoer. It appears to the court that the ALJ was referring to the type and extent of activities that Plaintiff regularly performed, which indicated to her that he could do more than he claimed. Insofar as a ruling is necessary, the court will **OVERRULE** this objection.

[5] Ultimately, both opined that Plaintiff was not disabled under the regulations, but their opinion that Plaintiff's symptoms and limitations could be explained by his medical issues alone is certainly relevant.

case was remanded in 2016, the court said: "On remand, the ALJ is obliged to give due consideration to the entire medical history," and specifically noted the two opinions ALJ Smith failed to reference. Schandel, 2016 WL 3268758, at *4 & n.4.

"Because State agency medical and psychological consultants and other program physicians and psychologists are experts in the Social Security disability programs, the rules in 20 CFR [§§] 404.1527(f) and 416.927(f) require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists. Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996). Because the ALJ failed to consider the opinions of two state agency physicians or "explain the weight given to the opinions," the court will **SUSTAIN** Plaintiff's first objection.

B.    The Treating-Physician Rule

Plaintiff also objects to the ALJ's decision to give the opinion of Dr. Larry Winikur, Plaintiff's pain-management provider for at least five years, "little weight." (See R. 1447; see also 1321–1413.) In general, an ALJ must accord more weight to the medical opinion of a treating source that to that of a non-examining one. See 20 C.F.R. § 404.1527(c) (setting forth the regulations for evaluating opinion evidence "for claims filed before March 27, 2017"); Testamark v. Berryhill, 736 F. App'x 395, 397–98 (4th Cir. 2018) (citing 20 C.F.R §§ 404.1527(c)(1), 416.927(c)(1), and Brown v. Comm'r of Soc. Sec., 873 F.3d 251, 268 (4th

Cir. 2017)). Treating sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of a claimant's medical impairments. Id. (citing Woods v. Berryhill, 888 F.3d 686, 695 (2018)). "[T]he ALJ is required to give controlling weight to opinions offered by a claimant's treating physician so long as the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017).

If the ALJ chooses not to give controlling weight to a treating source's opinion, she must decide what weight to give it. When considering what weight to give any medical opinion, the ALJ is obligated to consider a non-exclusive list of factors to determine the weight to be given all the medical opinions in the record, including: (1) examining relationship; (2) treatment relationship; (3) supportability of the source's opinion; (4) consistency of the opinion with the record; and (5) specialization of the source. 20 C.F.R. § 404.1527(c); Testamark, 736 F. App'x at 398. The ALJ "must include 'a narrative discussion describing how the evidence supports' [her] 'explanation of the varying degrees of weight [s]he gave to differing opinions concerning [the claimant's] conditions and limitations.'" Woods, 888 F.3d at 695 (citing Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2018)). The ALJ may give greater weight to the opinions of non-treating and non-examining sources if the opinion provides "sufficient indicia of supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion." Id.

ALJ Smith gave Dr. Winikur's opinion "little weight," and explained why in her written opinion:

> The Administrative Law Judge considered statements from Larry Winikur, M.D., the claimant's pain management provider, who indicates that the claimant is permanently and totally disabled, he is not able to work in any vocation, and is at risk in any workplace due to chronic pain and depression. The undersigned gives these assessments little weight, as they are inconsistent with the evidence as a whole and not supported by the objective medical evidence. In particular, his own examinations belie his opinions, which are contradicted by other doctors, including the medical expert and the independent medical examination doctors, who provided assessments more consistent with the physical examination findings. Notably, Dr. Winikur attempted to link the claimant's legal troubles with denials of certain treatments by worker's compensation authorities. However, the claimant has clearly continued to have similar legal issues up to the present day, even though he admitted that his condition has improved; indeed, the claimant has been cleared for work in prison, further contradicting Dr. Winikur's assertion that the claimant would not be able to work in any vocation, ever. Finally, the determination of disability is an issue reserved for the Commissioner of Social Security.

(R. 1447.)

The ALJ first states that Dr. Winikur's "own examinations belie his opinions," but does not cite to anything in the Record to support that conclusion. It is the responsibility of the ALJ to "'build an accurate and logical bridge from the evidence to [her] conclusion'" that Dr. Winikur's own treatment do not support his opinions. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). A single, conclusory sentence fails that standard.

As her next rationale to reject Dr. Winikur's opinion, the ALJ says that Dr. Winikur's opinions are contradicted by (a) other physicians and (b) the independent medical examination

doctors. While it is certainly true that Dr. Winikur's opinion differed from those of other physicians in the Record, the ALJ's discussion of Dr. Winikur's opinion lacks a meaningful discussion of why their opinions should be given more weight than Dr. Winikur's. Additionally, the ALJ failed to identify which "independent medical examination doctors" have different opinions, leaving the court to guess which parts of Dr. Winikur's opinions are contradicted.

Third, the ALJ asserted that Plaintiff has been "cleared for work in prison, further contradicting Dr. Winikur's assertion that the claimant would not be able to work in any vocation, ever." (R. 1447.) "An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." Woods, 888 F.3d at 694 (citing Brown, 873 F.3d at 263); see Schandel, 2016 WL 3268758, at *3 (reversing the Commissioner's decision in the prior case because the ALJ failed to consider the extent to which certain activities were performed). Like before, the ALJ focuses on the fact that Plaintiff was cleared to work in prison without considering the extent of the work he did. In his testimony, Plaintiff said he worked about an hour a day, "scooping food onto a tray," for two months (R. 1474.) Like the ALJ in Brown, ALJ Smith noted Plaintiff's activities but failed to "acknowledge the limited extent of those activities as described by [Plaintiff] or explain how those activities showed that he could sustain a full-time job." Brown, 873 F.3d at 269; see also Clifford, 227 F.3d at 872 (noting the same error where the ALJ failed to consider that the claimant's "household chores" took only about two hours to complete and her cooking was limited to "simple meals"). The ALJ made no effort to show that Plaintiff's limited ability to

scoop food onto a tray for an hour a day—a job he was only able to persist at for two months—indicates that he can work an eight-hour workday, five days a week.

"[T]he ALJ is required to give controlling weight to opinions offered by a claimant's treating physician so long as the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017). As discussed above, the court is left to guess how Dr. Winikur's opinion failed with respect to either of the relevant considerations that could justify stripping his opinion of the deference it is afforded under the law. The ALJ erred in failing to apply the applicable rule regarding the weight to be given a treating physician's opinion. See Monroe, 826 F.3d at 189 (quoting Clifford, 227 F.3d at 872).

More fundamentally, however, the ALJ's decision does not comply with the applicable regulations that list considerations that should be taken into account when determining what weight to give to a medical opinion: (1) examining relationship; (2) treatment relationship; (3) supportability of the source's opinion; (4) consistency of the opinion with the record; and (5) specialization of the source. 20 C.F.R. § 404.1527(c); Testamark, 736 F. App'x at 398. The ALJ made no reference to—or apparent consideration of—Dr. Winikur's examining relationship or treatment relationship with Plaintiff, nor did she recognize his specialization in pain management. As noted above, her consideration of the supportability of the source's opinion and consistency of the opinion with the record falls short of the standard necessary for this court's review. For these reasons, the court will **SUSTAIN** Plaintiff's objection.

## V. Conclusion

For the reasons stated, the court will sustain Plaintiff's objections to the Report & Recommendation, grant his motion for summary judgment, and remand this case to the Commissioner for further proceedings consistent with this Opinion.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: March 30, 2021

Michael F. Urbanski
Chief United States District Judge

- 15 -